IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LULA M. EDWARDS,

    Plaintiff,

v.    No. 05-2545 B

GLENN WRIGHT, Administrator Ad
Litem of the Estate of Thomas Dickerson,
II, Deceased, GREYHOUND BUS LINES,
INC., ALEX YU CHANG, ARC
INTERNATIONAL CORPORATION,
d/b/a TRANS USA, and TRANS USA,
individually,

    Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

Before the Court is the motion of the Defendants, ARC International Corporation d/b/a Trans USA ("ARC International") and Greyhound Lines, Inc. ("Greyhound"), to transfer this matter to the United States District Court for the Western District of Tennessee, Eastern Division, pursuant to 28 U.S.C. § 1404. Section 1404 provides, in relevant part, that

> (a) [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

28 U.S.C. § 1404(a),(b).[1] Whether an action should be transferred is within the broad discretion

---

[1] The Court notes that intra-district transfers, such as that requested by the Defendants, are provided for under both subsections (a) and (b) of 28 U.S.C. § 1404. By its language, subsection (a)

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _11-2-05_



of the trial court. See 28 U.S.C. § 1404(b); Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994), reh'g and suggestion for reh'g en banc denied (Aug. 25, 1994).

---

applies to both intra-district and inter-district transfers and specifies that such transfers be made "[f]or the convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). In contrast, subsection (b) applies *solely* to intra-district transfers and leaves the matter to the court's discretion without specifying proper considerations. The Defendants initially moved the Court for transfer pursuant to § 1404(a), but maintain their reply to Plaintiff's response that the motion was made pursuant to § 1404(b) and argue that a less rigorous review should apply to such transfers. While the Sixth Circuit has not addressed the issue, other courts have noted that § 1404(b) transfers are judged by less stringent standards. In the White v. ABCO Engineering Corp., the Third Circuit, when considering whether an inter-district transfer could be effectuated pursuant to § 1404(a) by a stipulation, explained the difference between subsections (a) and (b) in the following manner:

> By its terms, § 1404(a) requires that a court make a case specific determination that such a transfer is proper. The idea behind § 1404(a) is that where a civil action to vindicate a wrong-- however brought in a court--presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court. [. . .] The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of the interest of justice. The [Supreme] Court stated [in *Stewart Organization, Inc. v. Ricoh Corp.*] that '[a] motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.' No such requirement attends a § 1404(b) transfer, which is much less cumbersome than its inter-district counterpart. A case that is the subject of an intra-district (§ 1404(b)) transfer can be handled by the same lawyer(s) and will be governed by the same rules and procedures. A case that is the subject of a § 1404(a) transfer is unloaded onto an entirely new system. The former is like moving a card table within a house from the living room to the kitchen; the latter is like collecting all the chips and going to the neighbor's house to play. The house rules, as any gamesperson knows, are usually different.

White v. ABCO Engineering Corp., 199 F.3d 140, 143-44 (3rd Cir. 1999) (citations and internal quotation marks omitted); see also Hanning v. New England Mut. Life Ins. Co., 710 F.Supp. 213, 215 (S.D. Ohio 1989) ("Intradivisional transfers pursuant to 28 U.S.C. § 1404(b) are discretionary transfers subject to the same analysis as under § 1404(a) but apparently judged by a less rigorous standard"); Johnson v. Burlington-Northern, Inc., 480 F. Supp. 259, 260 (W.D.Mo.1979) ("Discretionary transfers within a district, however, are subject to fewer guidelines"); but see Pergo, Inc. v. Shaw Industries, Inc., 2003 WL 24129779, *2 (N.D. Ga. 2003) (noting the referenced decisions apply a "lesser level of scrutiny" to intra-district transfers under § 1404(b) but declining to follow because the defendant requested transfer pursuant to § 1404(a) and did not argue that a less stringent standard should apply to intra-district transfers). In the instant case, for the reasons set forth below, the Court finds that Defendants' motion for a transfer meets the standards applicable for transfer under § 1404(a). As such, whether the motion would be granted under a less rigorous standard need not be addressed.

2

The statute is "intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness," calling upon the court to balance case-specific factors. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988) (citations and internal quotation marks omitted). In ruling on a § 1404(a) request, "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir.) (citing Stewart Org., Inc., 487 U.S. at 30, 108 S.Ct. at 2244), cert. denied, 502 U.S. 821, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991). Other factors the court may consider include the relative ease of access to sources of proof, the availability of process to compel attendance of unwilling witnesses, the cost of obtaining unwilling witnesses, the practical problems associated with trying the case most expeditiously and inexpensively, the forum's familiarity with the governing law, burdening members of a community unrelated to the litigation with jury duty, the interest of having local disputes resolved locally, the nature of the action, the place the actions from which the case arose occurred, the nature and materiality of testimony to be obtained from witnesses who must be transported, the condition of the relevant courts' dockets, and the residences of the parties. Audi AG & Volkswagen of Am., Inc. v. Izumi, 204 F.Supp.2d 1014, 1023 (E.D. Mich. 2002); see also Centerville ALF, Inc. v. Balanced Care Corp., 197 F.Supp.2d 1039, 1049 (S.D. Ohio 2002); Grand Kensington, LLC v. Burger King Corp., 81 F.Supp.2d 834, 836 (E.D. Mich. 2000).

Transfer is not appropriate if the result is merely to shift inconvenience from one party to

3

the other. Audi AG & Volkswagen of Am., Inc., 204 F.Supp.2d at 1023. Rather, "[t]he inconvenience of the chosen and proposed forums must be balanced to see which party would suffer the greater hardship if a change of venue is granted. The moving party bears the burden of proving that a venue change is appropriate." Centerville ALF, Inc., 197 F.Supp.2d at 1049. The movant must make this showing by a preponderance of the evidence.[2] Thomas v. Home Depot, U.S.A., Inc., 131 F.Supp.2d 934, 936 (E.D. Mich. 2001) (citing Int'l Union U.A.W. v. Aluminum Co. of Am., 875 F. Supp. 430, 433 (N.D. Ohio 1995); see also Roberts Metals v. Florida Properties Mktg Group, Inc., 138 F.R.D. 89, 93 (N.D.Ohio 1991) aff'd 22 F.3d 1104 (6th Cir.1994). "Although the choice of forum factor weighs in favor of denying the motion for transfer, plaintiff's choice is only one factor in the transfer decision." Roberts Metals, Inc., 138 F.R.D. at 93.

The court must first determine whether this action could have been brought in the court to which defendants seek transfer. See Grand Kensington, 81 F.Supp.2d at 836. The United States District Court for the Western District of Tennessee contains two divisions. The Western Division is made up of Dyer, Fayette, Lauderdale, Shelby and Tipton counties while Benton, Carroll, Chester, Crockett, Decatur, Gibson, Hardeman, Hardin, Haywood, Henderson, Henry, Lake, McNairy, Madison, Obion, Perry and Weakley counties lie in the Eastern Division. See LR77.1(a) & (b), Local Rules of the U. S. Dist. Ct. for the W. Dist. of Tenn. ("Local Rules").

---

[2] In her response, Plaintiff argues that the "balance in defendant's favor must be shown by clear and convincing evidence." (Pl.'s Resp. at 4.) The Court has found no opinion in which a court in this Circuit has utilized such a standard for intra-district transfers pursuant to § 1404, nor has the Plaintiff cited to any such authority. See e.g., Gdovin v. Catawba Rental Co., Inc., 596 F. Supp. 1325, 1326 (D.C. Ohio 1984) ("To succeed in its motion to transfer, the moving party must show the preponderance of the balance in his favor").

4

Under the Local Rules, "a civil action against a single defendant residing in the district must be brought in the division where the defendant resides, and civil action against multiple defendants residing in different divisions of this district may be brought in either division." LR77.1(c), Local Rules. "If no defendant resides in this district, the action shall be filed in either (A) the division in which any plaintiff resides, or (B) the division in which the cause of action arose or the event complained of occurred." LR77.1(c)(2), Local Rules. For purposes of the Local Rules,

> a corporation shall be deemed to be a resident of the county in this district in which it has its principal place of business. If it has no operation that can be deemed to be a principal place of business in this district, the corporation shall be deemed to be a resident of both divisions, but if the cause of action arose in one of the divisions, the action shall be filed in that division.

LR77.1(c)(3), Local Rules.

According to the complaint, the actions from which this lawsuit arose occurred in Madison County, Tennessee, which is located in the Eastern Division. On August 6, 2004, the Plaintiff, Lula M. Edwards, was injured while traveling as a passenger on a bus owned by the Defendant, Greyhound, and driven by Thomas Dickerson, III, whose estate is also joined as a Defendant in this action. On the date in question, a collision occurred between the bus and a tractor-trailer owned or operated by Defendant ARC International, and driven by Defendant Alex Yu Chang. On August 2, 2005, Plaintiff brought this action alleging negligence on the part of the Defendants' and seeking compensatory and punitive damages for injuries she sustained as a result of the collision. Six other lawsuits arising from this collision have been filed, four of which are now pending in the Eastern Division. In the remaining two cases, motions have been filed to transfer the actions to the Eastern Division.

Because Defendants Greyhound and ARC International do not maintain a principal place of business in this district, they are deemed to be residents of either division for purposes of determining venue. LR77.1(c)(3), Local Rules. Only one Defendant, the deceased Thomas Dickerson, a resident of Memphis, Tennessee, was a resident of either division of this District. The remaining Defendants are not residents of Tennessee. As this action arises from events occurring in the Eastern Division and involves multiple defendants residing in different divisions of this district, the Court finds that it could have been brought in the Eastern Division. See LR77.1(c), Local Rules.

The Court must next determine whether, based on the case specific factors outlined above, transfer is appropriate. Defendants argue that transfer is warranted because many of the witnesses are located in and around Jackson, Tennessee. Further, because the accident occurred near Jackson, accessing sources of proof and securing the appearance of unwilling witnesses would be less problematic. Finally, because the majority of cases arising from this collision are now pending in the Eastern District, transfer will "avoid unnecessary costs and delay and promote judicial economy."

In response, Edwards argues that Defendants have failed to meet their burden to establish that transfer is appropriate. Specifically, Plaintiff states that, with the exception of emergency treatment in the days following the collision, the majority of medical treatment she has received for injuries sustained as a result of the accident have been administered from physicians and facilities located in Tate and Desoto County, Mississippi and Memphis, Tennessee. In addition, Plaintiff maintains that other potential liability and damage witnesses are "scattered throughout the Mid-Western and Southeastern areas of the country," none residing in the Jackson, Tennessee

6

area.[3]

The Court has reviewed all of the factors and determines that the proper venue for this matter lies in the Eastern Division. While the Western Division was the forum chosen by the Plaintiff, other factors weigh heavily in favor of transfer to the Eastern Division. See Kogok v. Fields, 448 F. Supp. 197, 201 (D.C. Pa.1978) ("[T]he plaintiffs' choice of forum is entitled to less weight than is ordinarily the case where none of the operative facts have occurred in the forum district"). First, the events complained of occurred in the Eastern Division and it is in the best interest of the local community to have this dispute litigated there. Further, because the collision occurred there, it is assumed that sources of proof as well as some witnesses remaining in Tennessee are located in the Eastern Division.[4] Although the Plaintiff and some witnesses may not reside in the Eastern Division, the parties have not alleged that any reside in the Western District, and this Court is not convinced that transportation for out-of-state litigants and witnesses to the Eastern Division would be more burdensome as compared to the Western Division. Finally, the Court cannot consider this lawsuit and Defendant's request in a vacuum. As stated previously, the instant action is one of seven suits arising out of the August 6, 2004

---

[3] Plaintiff also contends that because the Defendants have not supported their motion with affidavits, depositions, stipulations or other documents that would establish the propriety of transfer, the motion should be denied. Edwards cites to no authority within this Circuit for the conclusion that such documentary evidence is a prerequisite for consideration of a motion to transfer. Where, as here, the basic facts underlying the motion to transfer are not in dispute and the pleadings and memorandum submitted to the Court provide a sufficient factual basis for determination of the motion, no such evidence is required. See e.g. Donald v. Seamans, 427 F. Supp. 32, 33 (E.D. Tenn. 1976) ("The pleadings, briefs, and other evidence of record, and the oral arguments and representations of counsel, provided a sufficient factual basis for the transfer").

[4] Plaintiff concedes that the Tennessee Highway Patrol in the vicinity of Jackson responded to the accident. (Pl.'s Resp. at 2.) In addition, Plaintiff notes that she and others were transported to medical facilities, including the Jackson-Madison County Hospital, in Jackson in the immediate aftermath of the collision. Id. at 4.

7

collision. The majority of these cases remain pending in the Eastern Division and the Defendants have filed motions to transfer the remaining cases to that court. This Court finds that judicial resources would be best utilized by trying all of the cases in the same division. See ImagePoint Inc. v. Keyser Industries, Inc., 2005 WL 1242067, *5 (E.D. Tenn. 2005) (stating that the pendency of a related case in another district "provides a powerful reason to grant [a motion to transfer]"). Moreover, it appears to the Court that it would be more convenient for the parties and the witnesses to litigate these matters in one division. Accordingly, the Clerk is hereby directed to transfer this matter to the United States District Court for the Western District of Tennessee, Eastern Division.

IT IS SO ORDERED this 31 day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

8

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 22 in case 2:05-CV-02545 was distributed by fax, mail, or direct printing on November 2, 2005 to the parties listed.

---

Edwin E. Wallis
MOSS BENTON & WALLIS, PLLC
325 N. Parkway
P.O. Box 3897
Jackson, TN 38303--389

A. Scott Derrick
GULLETT SANFORD ROBINSON & MARTIN
315 Deadrick St.
Ste. 1100
Nashville, TN 37219--888

Javier M. Bailey
WALTER BAILEY & ASSOCIATES
100 North Main St.
Ste. 3002
Memphis, TN 38103

Christopher W. Cardwell
GULLETT SANFORD ROBINSON & MARTIN
315 Deadrick St.
Ste. 1100
Nashville, TN 37219--888

Lucius Edwards
LAW OFFICES OF LUCIUS EDWARDS
Drawer 313
Hernando, MS 38632

Walter L. Bailey
WALTER BAILEY & ASSOCIATES
100 North Main St.
Ste. 3002
Memphis, TN 38103

Carl Wyatt
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT